## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIVERSIFIED FOODS AND SEASONINGS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-2998 C/W 09-3529** |
| **AFC ENTERPRISES, INC.** | **SECTION "C" (3)** |

On this date, the undersigned Magistrate Judge conducted a hearing regarding AFC Enterprises, Inc.'s Motion to Compel [Doc. #42] and Diversified Foods and Seasoning, Inc.'s Motion to Compel Responses to Discovery [Doc. #48]. Present were Phillip Wittmann and Dorothy Wimberly on behalf of plaintiff and Steven Copley and Jay Hirsch on behalf of defendant. At the oral hearing, the Court took the motions under advisement. After considering the motions, the oppositions thereto, the reply memorandum and the oral argument, the Court rules as follows:

**IT IS ORDERED** that AFC Enterprises, Inc.'s Motion to Compel [Doc. #42] is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that Diversified Foods and Seasonings, Inc. ("DFS") shall respond fully and in writing to and/or supplement its responses to Interrogatories Nos. 3, 20, 14 and 15 and Requests for Production 3, 5, 6, 8 and 15-23 **no later than Wednesday, January 27, 2010**. The Court finds that the aforementioned discovery requests may lead to the discovery or admissible evidence and – in addition – are relevant to the claims and/or

defenses that AFC brings in the two above-captioned matters. *See Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, Civ. A. No. 06-4262, 2009 WL 1247122 (E.D. La. May 5, 2009) (citing Fed. R. Civ. P. 26(b)(1)).

DFS's two objections to the aforementioned Interrogatories and Requests for Production are: (1) The discovery requests are irrelevant in that they seek information outside the scope of the parties' Supply Contract; and (2) The discovery requests seek confidential and proprietary information protected by Federal Rule of Civil Procedure 26(c)(1)(G). With regard to the second objection, the Court finds that the Consent Protective Order [Doc. #47] renders the objection moot.

As to the first objection, DFS argues that AFC's discovery requests are irrelevant because they seek information outside the four corners of the parties' Supply Contract. Specifically, DFS argues that AFC is entitled to no discovery that does not concern DFS's "past practices" in pricing – one of the disputed contractual provisions at issue here. The problem with this objection, however, is that it asks the Court to prematurely determine the scope of the provisions in the Supply Contract. In other words, such a request asks the Court to make a premature determination of the merits of the crux of the lawsuit. That is a determination for the District Court. As noted above, this Court's sole concern is whether the disputed discovery requests may lead to admissible evidence relevant to a party's claim or defense. Whether AFC's claims or defenses have merit now is no concern of this Court at this juncture. However, AFC has advanced claims and defenses to which the responses to the disputed discovery requests are relevant. Accordingly, the Court grants the motion in part with regard to the Interrogatories and Requests for Production listed above.

The Court DENIES the motion IN PART WITHOUT PREJUDICE with regard to Requests

for Production Nos. 1, 2, 4, 7, 9, 10 and 13.  DFS has objected to these discovery requests on the ground of the attorney-client and/or work-product privilege.  Neither party has adequately briefed the potential implication of either privilege to the disputed discovery requests, and the Court is unwilling to rule without proper briefing.  AFC may raise this issue on appropriate motion at a later time, if necessary.

**IT IS FURTHER ORDERED** that Diversified Foods and Seasoning, Inc.'s Motion to Compel Responses to Discovery [Doc. #48] is GRANTED IN PART, in that the Court orders AFC Enterprises, Inc. to continue its investigation for information and documents responsive to DFS's Interrogatories and Request for Production of Documents.  In other words, AFC shall comply with the terms of the "open letter" – as referenced in the parties' memoranda – **no later than Wednesday, January 27, 2010**. The Court reserves the right to DFS to challenge the sufficiency of AFC's responses on appropriate motion at that time.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**