UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIVERSIFIED FOODS AND SEASONINGS, INC. | * * | CIVIL ACTION |
| | * | NO. 09-2998, c/w 09-3529 |
| Plaintiff, | * * | SECTION "C", MAG. 3 |
| VERSUS | * * | JUDGE BERRIGAN |
| AFC ENTERPRISES, INC. | * * | MAGISTRATE JUDGE KNOWLES |
| Defendant. | * * | **This pleading applies to Civil Action No. 09-2998 and 09-3529.** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFC ENTERPRISES, INC.'S RESPONSE TO DIVERSIFIED FOODS AND SEASONINGS, INC.'S MOTION TO STAY AND MOTION FOR EXPEDITED HEARING

COMES NOW AFC Enterprises, Inc. ("AFC") and hereby files its Response to Diversified Foods and Seasonings, Inc.'s ("Diversified") Motion to Stay and Motion for Expedited Hearing, respectfully showing the Court the following:

### BACKGROUND

AFC instituted a Declaratory Judgment action against Diversified on February 17, 2009 in the United States District Court for the Northern District of Georgia ("the Georgia case"). On March 4, 2009, Diversified filed a Complaint for Declaratory Judgment and Preliminary and Permanent Injunction in this Court. The Georgia case was subsequently transferred to this Court

and the two cases filed by the parties have been consolidated under the above civil action numbers.

The pleadings, as amended by the parties in the consolidated cases, raise three primary issues. First, AFC seeks a declaratory judgment concerning its rights and obligations under a Supply Agreement (as defined in the pleadings) between the parties. AFC secondly contends that Diversified has breached, and continues to breach, the Supply Agreement by failing to provide AFC and its franchisees with reasonable prices as is required by the Supply Agreement and applicable law. Finally, in response to the Georgia case, Diversified has asserted a counterclaim against AFC in which Diversified contends that AFC has breached the Supply Agreement by purchasing (or allowing its franchisees to purchase) seasoning or product mixes allegedly covered by the Supply Agreement from vendors other than Diversified.

AFC promptly proceeded with discovery and served its First Interrogatories and First Requests for Production on September 10, 2009. Those interrogatories and requests for production sought information directly relevant to the Supply Contract and pricing matters at issue in AFC's Complaint and in Diversified's Counterclaim. After requesting an extension and receiving one from AFC, Diversified responded to AFC's discovery requests on October 29, 2009. In its responses, Diversified flatly refused to provide any information or documents that directly bear on critical subject matters and issues raised by the parties' claims, counterclaims and defenses (i.e. reasonable pricing, competitive pricing, breach of the Supply Agreement). The parties subsequently met and conferred regarding their discovery dispute, but Diversified still refused to provide responsive information.

On November 19, 2009, AFC filed a Motion to Compel, seeking responsive information to its First Interrogatories and First Requests for Production [Doc. 42], which Diversified

opposed.  The parties fully briefed the issues and a hearing was held on January 6, 2010 before the Honorable Daniel E. Knowles, III.  After reviewing the discovery requests, the briefing of the parties, and hearing from counsel, Judge Knowles granted AFC's Motion to Compel in all material respects [Doc. 58].  Specifically, Judge Knowles recognized that Diversified's primary objection was one of relevance and that "AFC has advanced claims and defenses to which the responses to the disputed discovery requests are relevant."  *Id.*  Judge Knowles ordered Diversified to supplement its discovery responses on or before January 27, 2010.  *Id.*

On January 20, 2010, after 7:00 p.m. (the last day permissible under Fed.R.Civ.P. 72), Diversified moved this Court to review Judge Knowles' Order.  At the same time, Diversified filed a Motion to Stay Judge Knowles' Order and a Motion for Expedited Hearing, in which Diversified sought a hearing and ruling on its Motions before January 27, 2010.  Diversified made no attempt to contact counsel for AFC prior to the filing of any of these motions.[1]

**LAW AND ARGUMENT**

In a variety of contexts, the Fifth Circuit has made it clear that four factors should be considered when determining whether a stay should be granted:  "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether granting the stay would be in the public's interest."  *United States v. Baylor University Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983); *see also O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984); *Great American Boat Co. v.*

---

[1] It is more than a little ironic that Diversified waits until after the close of business on the final day it can seek review of Judge Knowles' Order to file its papers, and then claims it will suffer irreparable harm if it does not receive expedited consideration.  Any emergency Diversified is allegedly facing is plainly one of its own making.

3

*Alsthom Atlantic, Inc.*, 1987 WL 4766 at *2 (E.D.La. 1987). In this case, Diversified's Motion for Stay fails to meet these standards.

As Diversified acknowledges in its Motion for Stay, its primary objections to AFC's discovery requests were on relevance grounds. As Judge Knowles found, AFC's discovery requests are, in fact, relevant to the claims and defenses asserted in the parties' pleadings, particularly under the broad standards of discovery allowable by the Federal Rules. *See*, *e.g.*, *Burns v. Thiokol Chemical Corporation*, 483 F.2d 300, 304 (5th Cir. 1973) (citations omitted)("The U.S. Supreme Court has said that [the discovery provisions of the Federal Rules of Civil Procedure] are to be broadly and liberally construed."); *Roesburg v. Johns-Manville Corp.*, 85 F.R.D. 292, 300 (E.D. Pa. 1980)(The "may lead to" requirement of Fed.R.Civ.P. 26(b) "means only that the requests have a reasonable possibility of leading to admissible evidence."). No matter how much Diversified seeks to avoid it, the fact is that issues concerning its costs, profits, margins, etc. have been squarely joined in the pleadings. AFC's discovery requests properly seek information directly bearing on these issues.

In reviewing Judge Knowles' Order, this Court is bound to apply the "clearly erroneous or contrary to law" standard. *See* Fed.R.Civ.P. 72(a). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless on the entire evidence, the court is left with a definite and firm conviction that a mistake has been committed." *Shields v. Allstate Ins. Co.*, 2009 WL 2868403 at *1 (E.D.La. 2009)(internal quotations omitted). There was simply no such mistake made by Judge Knowles here, and Diversified has not established a

substantial likelihood that this Court should reinstate *relevance objections to discovery requests* previously found to be improper.[2]

Despite the fact that AFC believes a stay is not warranted, AFC is well aware of the Court's docket and schedule, and the fact that the Court has just received substantial briefing on an issue that Diversified wishes to be resolved in less than a week. For that reason, AFC will not oppose Diversified's request for a stay of Judge Knowles' Order pending AFC's complete response and this Court's review in accordance with Fed.R.Civ.P. 72. AFC believes, however, that the stay should come with one condition. Under Judge Knowles' Order, Diversified is required to fully answer AFC's interrogatories and produce responsive documents on or before January 27, 2010. AFC submits that if a stay is granted, it should be conditioned upon Diversified being in a position to answer the subject interrogatories and produce responsive documents *instanter* upon this Court's approval of Judge Knowles' Order.

---

[2] In its Memorandum in Support of its Motion for Stay [Doc. 65-2] and in its Motion for Review of Magistrate's Order [Doc. 63-2], Diversified likewise contends that it will suffer irreparable harm because responding to AFC's discovery requests would necessarily require it to disclose "confidential, proprietary, and trade secret information." These objections have no basis. This Court has previously entered a Protective Order [Doc. 47] consented to by the parties which more than adequately deals with any proprietary or trade secret concerns. Diversified's contention that the Order "does not limit access to the documents requested by the parties themselves" (*see* Doc. 63-2, p. 9 n. 3) is simply not true. The Protective Order specifically provides for "attorney's eyes only" designations and any information so designated "shall not be disclosed by counsel or the expert(s) <u>to their respective clients or to anyone else including (but not by way of limitation) any officers, agents, or employees of the client, in-house counsel of the client, consultants retained by their clients, or employees of such consultants</u>." *See* Protective Order [Doc. 47], ¶ 3(B)(emphasis added).

This 21st day of January, 2010.

Respectfully submitted,


s/ Alan G. Snipes
POPE, McGLAMRY, KILPATRICK,
  MORRISON & NORWOOD, LLP
C. Neal Pope
Wade H. Tomlinson, III
Jay F. Hirsch
Alan G. Snipes
Synovus Centre, 1111 Bay Avenue, Ste 450
P.O. Box 2128 (31902-2128)
Columbus, GA 31901-2412
706-324-0050
706-327-1536 FAX
(Admitted *Pro Hac Vice*)

GORDON, ARATA, MCCOLLAM,
  DUPLANTIS & EAGAN, L.L.P.
Steven W. Copley, T.A., #16869
Donna Phillips Currault, #19533
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
504-582-1111
504-582-1121 FAX

COPELAND, FRANCO, SCREWS
  & GILL, PA
George W. Walker, III
P.O. Box 347
444 South Perry Street
Montgomery, AL 36101-0347
334-834-1180
334-834-3172 FAX
(Admitted *Pro Hac Vice*)

**ATTORNEYS FOR**
**AFC ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing via E-Mail to counsel of record on this 21st day of January, 2010.

Phillip A. Wittmann<br>
Dorothy H. Wimberly<br>
Brooke C. Tigchelaar<br>
STONE PIGMAN<br>
WALTHER WITTMANN, L.L.C.<br>
546 Carondelet Street<br>
New Orleans, Louisiana 70130-3588

  s/Alan G. Snipes_____
Counsel for AFC Enterprises, Inc.